**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

RYAN BRUCKMAN,

                              Plaintiff,                1:19-cv-00670 (BKS/DJS)

v.

GREENE COUNTY, GREENE COUNTY SHERIFF,
JOHN DELVECCHIO, RAYMOND FEML,
TOWNSQUARE MEDIA, INC., GREEN MTN.
CONCERT SERVICES, INC., CONTEMPORARY
SERVICES CORPORATION, "JOHN DOE"
and "RICHARD ROE",

                              Defendants.

---

**Appearances:**

*For Plaintiff:*
Michael C. Conway
Harris, Conway & Donovan, PLLC
50 State Street, 2nd Floor
Albany, New York 12207

*For Defendants Greene County, Greene County Sheriff, John DelVecchio, and Raymond Feml:*
Thomas K. Murphy
Murphy Burns LLP
407 Albany Shaker Road
Loudonville, New York 12211

*For Defendant Townsquare Media, Inc.:*
John M. Magliery
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Ryan Bruckman brings this action under 42 U.S.C. § 1983 and New York law against Defendants Greene County, the Greene County Sheriff, Deputy John DelVecchio, Deputy Raymond Feml (the "County Defendants"); Townsquare Media, Inc. ("Townsquare"); Green Mtn. Concert Services, Inc. ("Green Mtn."); Contemporary Services Corporation ("Contemporary Services"); and John Doe and Richard Roe (the "Doe Defendants"). (Dkt. No. 7). Presently before the Court are the County Defendants' and Townsquare's motions to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6), (Dkt. Nos. 12, 23), and Plaintiff's Cross-Motion to Amend,[1] (Dkt. No. 31). For the following reasons, Townsquare's motion to dismiss is granted, the County Defendants' motion to dismiss is granted in part, and Plaintiff's Motion to Amend is granted in part.

**II.    CROSS-MOTION TO AMEND**

With his cross-motion to amend, Plaintiff has submitted a Proposed Third Amended Complaint ("PTAC") (Dkt. No. 31-2), which he contends sets forth "the requisite elements of all other causes of action." (Dkt. No. 26, ¶ 4). Plaintiff now includes Sheriff Gregory R. Seeley as a proposed defendant. (Dkt. No. 31-2). The County Defendants and Townsquare argue that the proposed amendments are futile. (Dkt. No. 32, at 18; Dkt. No. 33, at 4–5).

---

[1] On August 27, 2019, in response to Townsquare's motion to dismiss, (Dkt. No. 12), Plaintiff cross-moved to amend the Complaint and filed a Proposed Second Amended Complaint. (Dkt. Nos. 18, 18-2). On October 16, 2019, in response to the County Defendants' motion to dismiss, (Dkt. No. 23), Plaintiff filed a second cross-motion to amend the complaint and submitted a Proposed Third Amended Complaint ("PTAC"). (Dkt. Nos. 31, 31-2). As the PTAC appears to contain the amendments set forth in the Proposed Second Amended Complaint, as well as additional amendments, the Court solely considers the PTAC and denies Plaintiff's first cross-motion to amend, (Dkt. No. 18), as moot.

In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Where plaintiffs seek to amend their complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). Since the County Defendants and Townsquare had a full opportunity to respond to the proposed amendments, the merits of the motions to dismiss will be considered in light of the PTAC. If the claims in the PTAC cannot survive the motion to dismiss, then Plaintiff's cross-motion to amend will be denied as futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

## III. FACTS[2]

On June 11, 2018, at about 9:30 p.m., Plaintiff was at the Taste of Country music festival (the "Festival") at the Hunter Mountain Ski Resort located in the Town of Hunter, New York in Greene County. (Dkt. No. 31-2, ¶ 23). The corporate entities, Townsquare, Green Mtn., and Contemporary Services, "provided security services and/or personnel" at the Festival. (*Id.* ¶¶ 24–26).

After "attempting to order a pizza" from a vendor at the Festival, Plaintiff was approached and then questioned by Defendants John DelVecchio, Raymond Feml and the Doe Defendants. (*Id.* ¶ 27).[3] During this questioning, DelVecchio, Feml, and the Doe Defendants

---

[2] The facts are drawn from the PTAC. (Dkt. No. 31-2). The Court assumes the truth of, and draw reasonable inferences from, those well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[3] Plaintiff alleges that the Doe Defendants were employed by the Greene County Sheriff's Department. (*Id.* ¶ 17). Plaintiff alleges, in the alternative, that they were employees of Defendant Townsquare and. in the alternative, that

3

"engage[d] in an assault and battery of Plaintiff" and unlawfully seized him. (*Id.* ¶ 28). During this "assault/battery," DelVecchio, Feml, and the Doe Defendants "fracture[d] Plaintiff's right arm" without "probable cause or legal justification." (*Id.* ¶ 29).

DelVecchio and Feml "acted upon nothing more than . . . a rumor of a possible crime having been committed" and "failed to appropriately investigate the false allegations" presented to them before apprehending, arresting, and using force on Plaintiff. (*Id.* ¶ 49). Plaintiff was then "arrested/taken into custody and transported to the Greene County Sheriff's Department and then to the Town of Catskill Court for arraignment." (*Id.* ¶ 33). DelVecchio and Feml "handl[ed] the Plaintiff in such a way that they unnecessarily caused him physical injury." (*Id.* ¶ 52). Plaintiff "remained in pain and was afforded insufficient medical attention throughout this time." (*Id.* ¶ 33). Plaintiff was charged with several criminal offenses "relative to these incidents, all of which were subsequently dismissed" in the Town of Catskill. (*Id.* ¶ 34).

Plaintiff alleges that as a result of this incident, he was required to undergo "another rotator cuff repair surgery" and suffered embarrassment, humiliation, and fear. (*Id.* ¶ 65). Plaintiff also incurred expenses for medical care and lost income. (*Id.*).

## IV. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the

---

they were employees of Defendant Green Mtn., and, in the alternative, that they were employees of Defendant Contemporary Services.(*Id.* ¶¶ 18–20).

4

factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## V. DISCUSSION

### A. Claims Against the County Defendants

#### 1. Claims Under § 1983 (First Claim)

Plaintiff alleges that DelVecchio, Feml and Seeley violated his constitutional rights, including his right to be free from false arrest and the use of excessive force. (Dkt. No. 31-2, ¶ 53). The County Defendants seek dismissal of the § 1983 claim on the basis that the PTAC fails to allege personal involvement by DelVecchio, Feml, or Seeley.[4] (Dkt. No. 23-2, at 10–14; Dkt. No. 32, at 11–15).

"[T]he 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016); *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). "Personal involvement . . . includes . . . direct participation in the alleged violation."

---

[4] The County Defendants do not address the substantive elements of Plaintiff's § 1983 claims. The Court, accordingly, only considers whether the PTAC plausibly alleges DelVecchio, Feml and Seeley's personal involvement in the alleged false arrest and excessive use of force.

5

*Patterson v. Cty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004). A plaintiff must therefore "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "A police officer is personally involved in the use of excessive force if the officer either: (1) directly participates in an assault; or (2) is present during the assault, and fails to intercede on behalf of the victim even though he had a reasonable opportunity to do so." *Marlin v. City of New York*, 2016 WL 4939371, at *13, 2016 U.S. Dist. LEXIS 122426, at *40 (S.D.N.Y. Sept. 7, 2016) (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997)). "A plaintiff need not establish which officer, among a group of officers, directly participated in the attack and which officer failed to intervene." *Id.* (citing *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 477 (S.D.N.Y. 2003)); *see also Cruz v. City of New York*, 232 F. Supp. 3d 438, 453 (S.D.N.Y. 2017) ("To be liable for false arrest, a defendant must have been personally involved in the arrest.").

Here, Plaintiff alleges that he was ordering pizza at the Festival when Defendants DelVecchio and Feml, deputies of the Greene County Sheriff's Department, approached Plaintiff, questioned him, "fracture[d] [his] right arm," and arrested him based on nothing more than a "rumor of a possible crime having been committed." (Dkt. No. 31-2, ¶¶ 11, 27–29, 33, 49). Drawing all reasonable inferences in Plaintiff's favor, the PTAC sufficiently alleges that DelVecchio and Feml were present at and directly participated in the use of force, seizure, and arrest against Plaintiff. *See Norton v. Galligan*, No. 17-cv-395, 2018 WL 564568, at *9, 2018 U.S. Dist. LEXIS 12089, at *24 (D. Conn. Jan. 25, 2018) (finding allegation that the defendant "was present when the search and seizure occurred" sufficiently pled the defendant's personal involvement in the alleged seizure); *Cruz*, 232 F. Supp. 3d at 453.

However, the analysis differs with respect to Sheriff Seeley, a supervisor. The PTAC includes a number of wholly conclusory allegations against Seeley. Plaintiff alleges that prior to this incident "Seeley failed to properly train" Feml and DelVecchio in the "lawful and proper apprehension and detainment of an individual like Plaintiff who is suspected of having committed a crime." (Dkt. No. 31-2, ¶¶ 44, 46). The PTAC goes on to allege that Seeley "created policies or customs that fostered the implementation of unlawful acts by his employees or deputies by encouraging the unlawful and inappropriate apprehension and detention of suspects like the Plaintiff" that "encouraged the use of excessive force against suspects." (*Id.* ¶ 45). DelVecchio and Feml allegedly were not "properly trained as to how to perform an arrest investigation" and to verify facts before arresting a suspect and "using force to apprehend him." (*Id.* ¶ 49).

These allegations fail to plausibly allege Seeley's personal involvement in the alleged events. (*See* Dkt. No. 31-2, ¶¶ 8–9, 44–46, 82). Personal involvement of supervisory personnel may be shown through allegations demonstrating that they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference by failing to act on information indicating that an unconstitutional act was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[5] Accordingly, Plaintiff's claims against Seeley "must fail" because the PTAC's allegations are "wholly conclusory and devoid of any factual matter that would bring [Seeley's] conduct into the realm of any of the *Colon*

---

[5] *See also, e.g.*, *Montanez v. City of Syracuse*, No. 16-cv-00550, 2019 WL 315058, at *18, 2019 U.S. Dist. LEXIS 10351, at *50–51 (N.D.N.Y. Jan. 23, 2019); *Marom v. City of New York*, No. 15-cv-2017, 2016 WL 916424, at *15, 2016 U.S. Dist. LEXIS 28466, at *49 (S.D.N.Y. Mar. 7, 2016) (explaining that all five *Colon* factors "may be viable when it comes to false arrest and excessive force claims").

factors." *Shtilman v. Makram*, No. 14-cv-6589, 2018 WL 3745670, at *8, 2018 U.S. Dist. LEXIS 132177, at *20–21 (S.D.N.Y. Aug. 6, 2018).

### 2. Conspiracy to Deny Civil Rights (Second Claim)

Plaintiff alleges that DelVecchio, Feml, and the Doe Defendants "made an agreement to act in concert to inflict an unconstitutional injury by together agreeing and/or conspiring to arrest Plaintiff without a sufficient legal basis to believe that a crime had been committed." (Dkt. No. 31-2, ¶ 58; *id.* ¶¶ 57–61). The County Defendants argue that Plaintiff fails to state a conspiracy claim because his allegations are vague and conclusory. (Dkt. No. 23-2, at 17). Plaintiff does not respond to this argument.

The Court agrees with the County Defendants. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

! Plaintiff's conspiracy claim fails because his allegations are wholly conclusory. "Vague and conclusory allegations that defendants entered into an unlawful agreement will not suffice to state a conspiracy claim under either § 1983 or § 1985(3)." *Trombley v. O'Neill*, 929 F. Supp. 2d 81, 97 (N.D.N.Y. 2013). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). Plaintiff "has not provided any 'details of time and place'" regarding the alleged underlying agreement. *Id.* at 325 (quoting *Dwares*, 985 F.2d at 100). Plaintiff has failed to provide "the factual basis necessary to

8

enable [the individual defendants] intelligently to prepare their defense." *Id.* (quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977)). Accordingly, the County Defendants' motion to dismiss Plaintiff's conspiracy claim is granted. !

### 3. *Monell* Claim (Seventh Claim)

Plaintiff brings a *Monell*[6] claim naming Greene County, the Greene County Sheriff, and proposes naming Seeley as an additional defendant. (Dkt. No. 31-2, ¶¶ 81–86). Plaintiff alleges that the County and Seeley "are responsible for establishing, instituting and enforcing the policies, ordinances regulations, customs and practices of the County of Greene insofar as it relates to" the individual County Defendants. (*Id.* ¶ 82). The County Defendants argue that "[t]here are no factual allegations in the plaintiff's Complaint which allege that his constitutional rights were violated pursuant to an official policy, practice, or custom of the County" and that furthermore, "nothing in the plaintiff's Complaint" "supports a plausible inference" that any such "policy, practice or custom" "caused the injures the plaintiff alleges he sustained." (Dkt. No. 23-2, at 9).[7] (Dkt. No. 32, at 11–12).

"It is well established that 'under § 1983, local governments are responsible only for 'their own illegal acts.'" *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Local governments "are not vicariously liable under § 1983 for their employees' actions." *Id.* (quoting *Connick*, 563 U.S. at 60); *see also, e.g.*, *Bd. of Cty Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold

---

[6] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

[7] The County Defendants argue that the "Sheriff's Department is a non-suable entity under New York law." (Dkt. No. 23-2, at 10). However, Plaintiff has consistently sued the Greene County Sheriff (although initially not by name), not the Sheriff's Department. *See Tomassi v. Nassau Cty.*, No. 15-cv-3652, 2019 WL 1440898, at *10, 2019 U.S. Dist. LEXIS 45303, at *28-29 (E.D.N.Y. Mar. 15, 2019), *report and recommendation adopted*, No. 15-cv-3652, 2019 WL 1440154, 2019 U.S. Dist. LEXIS 56574 (E.D.N.Y. Mar. 29, 2019) (explaining, where the "sheriff's name [was] never given and he [was] referred to only by title," that the district judge had construed the claim as if the sheriff had been named).

municipalities liable under a theory of *respondeat superior*."). "To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "[T]he proper local government that is subject to liability on a given *Monell* claim" is "'those official or governmental bodies who speak with final policymaking authority . . . concerning the action alleged to have caused the particular . . . violation at issue.'" *Bellamy*, 914 F.3d at 757 (quoting *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Here, drawing all reasonable inferences in Plaintiff's favor, he appears to allege final policymaking authority rests with two entities—the County itself and Sheriff Seeley—and then alleges three theories of *Monell* liability: (1) unconstitutional customs, policies, and practices; (2) failure to supervise; and (3) failure to train. (Dkt. No. 31-2, ¶¶ 82–85).

Plaintiff's *Monell* claims fail. His allegations are barebones recitals of the elements of a *Monell* claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The PTAC "alleges a *Monell* claim in the most conclusory of terms." *Moore v. City of Norwalk*, No. 17-cv-695, 2018 WL 4568409, at *4, 2018 U.S. Dist. LEXIS 162782, at *9 (D. Conn. Sept. 24, 2018); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (affirming dismissal of complaint where the *Monell* allegations "contained only conclusory and speculative assertions" that the alleged conduct occurred "pursuant to the practice, custom, policy and particular

direction of" the policymaker) (quotation marks omitted). The PTAC is "bereft of any more detail about the nature of any suspect policies, practices, or procedures, much less how they caused the individual defendants to violate" Plaintiff's rights. *Moore*, 2018 WL 4568409, at *4, 2018 U.S. Dist. LEXIS 162782, at *9; *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535–36 (S.D.N.Y. 2012) ("[M]ere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details"). Thus, the County Defendants' motion to dismiss Plaintiff's *Monell* claim is granted.

### 4. State Law Claims (Third, Fourth, Fifth, Sixth, Eighth, and Ninth Claims)

The County Defendants argue that Plaintiff failed to "plead compliance with the statutory prerequisites to suit provided for in the New York State General Municipal Law," including by failing to file a timely a Notice of Claim (or seek leave to file late) "prior to the expiration of the statute of limitations." (Dkt. No. 23-2, at 14; *see also* Dkt. No. 32, at 16). Plaintiff concedes that a "Notice of Claim pursuant to Section 50 of the General Municipal Law was not filed in this matter" and that "Plaintiff does not oppose" dismissal of the state law claims as to the County Defendants. (Dkt. No. 26, ¶ 2).

Under New York law, "a plaintiff must file a notice of claim before suing municipal defendants in a personal injury action." *Rentas v. Ruffin*, 816 F.3d 214, 226–27 (2d Cir. 2016). "The notice of claim must set forth, *inter alia*, the nature of the claim, and must be filed within ninety days of when the claim arises." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). As Plaintiff concedes he has not done so, (Dkt. No. 26, ¶ 3), and does not plead otherwise in the PTAC, the Court grants the County Defendants' motion to dismiss Plaintiff's state law claims.

B.     **Claims Against Townsquare**

Defendant Townsquare argues that the complaint should be dismissed because there are no facts to support its theory of liability that the Doe Defendants were its employees or agents, and that Plaintiff's single conclusory allegation to this effect was insufficient. (Dkt. No. 12-1, at 8). Plaintiff has acknowledged in his memorandum of law that he does not know which of the four Defendant entities employed the Doe Defendants. (Dkt. No. 18-3, at 4). The PTAC alleges, on information and belief, that the Doe Defendants were employed by the Sheriff's Department. (*Id.* ¶ 17). The PTAC also includes three allegations asserting, in the alternative, that the Doe defendants were "employees, agents or assigns" of Defendant Townsquare; of Defendant Green Mtn.; and of Defendant Contemporary Services. (*Id.* ¶¶ 18–20). Plaintiff's only allegation regarding the potential involvement of Townsquare is that, on information and belief, it "provided security services and/or personnel" at the concert. (*Id.* ¶ 24). Defendants Green Mtn., and Contemporary Services also were alleged to have "provided security services and/or personnel" at the concert. (*Id.* ¶¶ 25–26). Plaintiff seeks to hold Townsquare liable solely based on: (1) the actions of the Doe Defendants and (2) the alleged negligent hiring/supervision/retention/training of the Doe Defendants. (Dkt. No. 18-3, at 4-5).

Plaintiff has failed to nudge his allegations of an employment or agency relationship "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678 (noting that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level."). While Plaintiff may plead in the alternative, he must nevertheless provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 468–69 (S.D.N.Y. 2014) (noting that "the ability to plead in the alternative does not obviate

the need for each of plaintiffs' motive allegations to be 'plausible on its face.'") (citing *Twombly*, 550 U.S. at 570); *see*, *e.g.*, *Rolph v. Hobart & William Smith Colleges*, 271 F. Supp. 3d 386, 399 (W.D.N.Y. 2017) (noting that plaintiff "may plead in the alternative . . . both categories [of Title IX liability]," but regardless of the category, "wholly conclusory allegations" are insufficient to survive a Rule 12(b)(6) challenge).

Here, while it is conceivable that the Doe Defendants were "employees, agents or assigns" of Townsquare, Plaintiff has failed to satisfy the plausibility standard, given his allegations that the Doe Defendants were employee of the Sheriff's Department, and then, in the alternative, of each of the three corporate defendants. The Court therefore grants Townsquare's motion to dismiss without prejudice. If discovery reveals that the Doe Defendants were employees of Townsquare, Plaintiff may move to amend the complaint to add Townsquare as a defendant in accordance with the following procedure.

### C. Pre-Motion Letter and Conference

To the extent any party seeks to file a further motion to amend, a motion for summary judgment under Fed. R. Civ. P. 56, a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court orders compliance with the following procedure. The prospective movant shall submit a pre-motion letter not to exceed three pages in length, setting forth the grounds for the anticipated motion. Any prospective opposing party may then respond with a letter not to exceed three pages, within one week of receiving the pre-motion letter. The responding letter should briefly describe any anticipated arguments in opposition. Upon review, the Court will issue an order scheduling a conference with the parties to discuss the issues raised. The proposed motion shall not be filed until the Court enters an order with respect to the pre-motion letter. This procedure is designed to

enable the Court to set an appropriate briefing schedule and to explore whether the motion may be obviated by an amendment to the pleadings or consent to the relief sought.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Cross-Motion to Amend the Complaint (Dkt. No. 31) is **GRANTED in part**. Plaintiff's proposed amendment to name Gregory R. Seeley as a defendant is **DENIED** for the reasons set forth above; and it is further

**ORDERED** that the Clerk of the Court shall accept for filing Plaintiff's Proposed Third Amended Complaint (Dkt. No. 31-2, at 3–27). The Clerk is hereby directed to file Plaintiff's Third Amended Complaint (Dkt. No. 31-2, at 3–27) on the docket; and it is further[8]

**ORDERED** that the County Defendants' Motion to Dismiss (Dkt. No. 23) is **GRANTED in part**, and the following claims against the County Defendants are **DISMISSED**: the Conspiracy to Deny Civil Rights claim (Second Claim), the *Monell* claim (Seventh Claim), and all state law claims (Third, Fourth, Fifth, Sixth, Eighth, and Ninth Claims); and it is further

**ORDERED** that Defendants Greene County and Greene County Sheriff are **DISMISSED** from the case; and it is further

**ORDERED** that the County Defendants' Motion to Dismiss (Dkt. No. 23) is otherwise **DENIED** in its entirety; and it is further

**ORDERED** that Defendant Townsquare's Motion to Dismiss (Dkt. No. 12) is **GRANTED,** and Defendant Townsquare is **DISMISSED** from the case; and it is further

---

[8] As Plaintiff has had three opportunities to amend his Complaint and has not sought permission to file a fourth amended complaint the Court declines to *sua sponte* allow further amendment.

**ORDERED** that Plaintiff's Cross-Motion to Supplement Pleadings (Dkt. No. 18) is **DENIED** as moot; and it is further

**ORDERED** that if any party seeks to move: to amend a pleading, for summary judgment, or to dismiss the Third Amended Complaint, they must comply with the pre-motion letter and conference procedure described above.

**IT IS SO ORDERED.**

Dated: February 24, 2020
Syracuse, New York

Brenda K. Sannes
U.S. District Judge